IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40644
Summary Calendar
_____

ZACHARY L. KNIGHTEN,

Plaintiff-Appellant,

versus

L. JOHN, Senior Warden; D.H. OLIPHANT, Asst. Warden;
UP SIMMONS, Ex-Asst. Warden; K. GASTON, Major;
B. DRIVER, Disciplinary Captain; UP BROWN, Ex-Captain;
UP MADDOX, Sergeant; UP MORVANT, Sergeant; UP HOWELL,
Lieutenant; UP HERNANDEZ, Sergeant; UP RIVERS, CO3;
UP REESE, CO3; UP WILLIAMS, Gang Officer; UP WALLINGS,
Ms, Sub-Counsel; UP POUSSON, CO3; UP DRIVER, Ms, Mailroom
Supervisor; UP JOHNSON, Ms, Property Officer; UP SMITH,
Ex-Property Officer/Sergeant; UP BYRLY, CO3;
UP WHITFIELD, CO3,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-307
- - - - - - - - - -

April 29, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Zachary Knighten appeals the district court's denial of his
motion for class certification and the district court's dismissal
of his pro se, in forma pauperis 42 U.S.C. § 1983 civil rights
action as frivolous and for failure to state a claim upon which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

relief could be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); see also § 1915A(b)(1). We review § 1915(e)(2)(B)(i) dismissals for abuse of discretion, see Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), and § 1915(e)(2)(B)(ii) dismissals de novo. See Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998).

Knighten has abandoned the following issues for failure to adequately brief them on appeal: (1) that the district court abused its discretion by denying Knighten's motion for class certification (2) that defendants Pousson, Johnson, Smith, and Whitfield retaliated against him; (2) that defendants Hernandez, John, Oliphant, Gaston, Driver, Brown, and Wallings, violated his due process rights; and (3) that defendant Whitfield violated his First Amendment right to free speech. See Fed. R. App. P. 28(a); Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); see also Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Knighten argues that defendants Hernandez, Morvant, and Howell retaliated against him. "To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1996). "This places a significant burden on the inmate." Id. The inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Id.; see also Whittington v. Lynaugh, 842 F.2d 818,

821 (5th Cir. 1988). With regard to defendant Hernandez, Knighten argues that Hernandez retaliated against him by failing to investigate his case against defendant Pousson because Knighten filed a grievance against Hernandez. These arguments are without merit inasmuch as Knighten concedes that Hernandez was unable to investigate the case because he was involved in it and Knighten filed the grievance against Hernandez after the incident occurred.

Knighten contends that defendants Morvant and Howell violated his due process rights during an incident occurring in the prison infirmary, and in the disciplinary hearing following, in retaliation against him because Knighten had previously filed grievances against them. Knighten contends that defendant Morvant did not listen to his complaints regarding the charging officer in that incident, and that defendant Howell would not let him present evidence at his disciplinary hearing. A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995)(citations omitted).

Inasmuch as Knighten recieved 15 days of cell restriction for the foregoing incident, he has not asserted that the disciplinary conviction imposed atypical and significant hardships on him in relation to the ordinary incidents of prison

life.  See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997)(thirty day commissary and cell restrictions imposed as punishments do not implicate due process concerns and are in fact merely changes in the conditions of confinement).  Because Knighten's disciplinary conviction did not give rise to protections afforded by the Due Process Clause, Knighten has failed to show that defendants Morvant and Howell's actions were in retaliation against him.  The magistrate judge did not abuse its discretion by dismissing Knighten's retaliation and due process claims; therefore, the magistrate judge's dismissal is AFFIRMED with regard to these claims.

Knighten alleges that while he was on cell restriction a fight started in his cell block and after the fight was over, defendant Howell dispensed tear gas without just cause.  The magistrate judge construed Knighten's argument as complaining of the conditions of his confinement.  However, based on our review of the record, Knighten's argument can also be construed as complaining of use of excessive force by defendant Howell in violation of the Eighth Amendment.

Accepting Knighten's allegations as true, as we must,[1] we conclude that the district court erred in dismissing his complaint.  To the extent that Knighten complains that he suffered physical harm as a result of being exposed to tear gas unnecessarily dispensed by Howell, he has stated a claim under the Eighth Amendment sufficient to proceed further.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Jackson v.

---

[1]  Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).

Culbertson, 984 F.2d 699, 700 (5th Cir. 1993); see also Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992); Clemmons v. Greggs, 509 F.2d 1338, 1340 (5th Cir. 1975).  The dismissal of the complaint is vacated with regard to Knighten's Eighth Amendment claim against defendant Howell, and the case remanded for further proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.